NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re ZEBRA TECHNOLOGIES CORPORATION,**
*Petitioner*

---

2024-141

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:23-cv-00292-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before PROST, BRYSON, and HUGHES, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Zebra Technologies Corporation petitions for a writ of mandamus directing the United States District Court for the Western District of Texas ("WDTX") to transfer the action to the United States District Court for the Eastern District of New York ("EDNY").  Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") oppose.

I.

IV brought this suit in WDTX asserting that Zebra's accused products (tablets, computers, and other mobile devices) infringe two patents based on compliance with the 802.11n/ac/ax Wi-Fi standards and/or the LPDDR4/4X/5 standards for memory data exchange. Zebra moved to transfer the case to EDNY under 28 U.S.C. § 1404(a). On July 9, 2024, the district court entered an order denying the motion.

After determining that the action could have been brought in EDNY, the court analyzed the public- and private-interest factors relevant under § 1404(a). The district court determined the compulsory process factor weighed against transfer given the "volume and relevancy" of third-party potential witnesses in WDTX compared to EDNY, but discounted "the weight of this factor because neither party has sufficiently shown that the non-party witnesses would be unwilling to testify." Appx0034. Having identified Zebra employees with relevant and material information in both forums, the district court further determined that the cost of attending proceedings for the identified willing witnesses was not materially different between the forums.

The district court acknowledged that the sources-of-proof factor slightly favored transfer and the local interest factor also favored EDNY over WDTX. However, because keeping this case in WDTX with a co-pending IV action involving the same patents could preserve judicial economy, the court found that the practical problems factor weighed against transfer. It found the remaining factors neutral. On balance, the court determined Zebra had failed to show EDNY was a clearly more convenient venue than WDTX and therefore denied the motion. This petition followed. We have jurisdiction under 28 U.S.C. §§ 1295(a)(1) and 1651(a). *See In re Princo Corp.*, 478 F.3d 1345, 1351 (Fed. Cir. 2007).

## II.

"In general, three conditions must be satisfied for a writ to issue: (1) the petitioner must demonstrate a clear and indisputable right to issuance of the writ; (2) the petitioner must have no other adequate method of attaining the desired relief; and (3) the court must be satisfied that the writ is appropriate under the circumstances." *In re Apple Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020) (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)). Under this highly deferential standard, we will not disturb a transfer decision unless a petitioner has shown there is such a "clear" abuse of discretion that it produced a "patently erroneous result." *Id.* (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)). Zebra has not met this demanding standard.

Zebra's contention that the district court erred in not weighing the willing witness factor strongly in favor of transfer is undermined by its own transfer motion. While emphasizing that its engineering divisions for nearly all the accused products are based in New York or Ontario, Zebra acknowledged that IV's infringement allegations "are directed squarely" at "Wi-Fi and memory standards implemented by the Accused Chipsets" "developed not by Zebra, but rather by third parties"—Qualcomm and Synaptics—based in California. Appx135, 140 (emphasis omitted). Moreover, the district court afforded weight to the four Zebra employees in EDNY identified as having relevant and material information to the case. But the court found at least seven Zebra employees in WDTX also had relevant and material knowledge. Ultimately, the district court concluded that Zebra had failed to show that transfer would result in any material increase in convenience for

the witnesses and parties. Zebra has not shown clear error in that conclusion.[1]

Zebra also challenges the district court's compulsory process factor analysis. Zebra had argued this factor favored transfer based on three third-party prior art witnesses in EDNY. The district court disagreed, finding those potential witnesses in EDNY are "far outweighed by the volume and relevancy of the former Zebra employees, Qualcomm witnesses, and Wi-Fi Alliance employees residing in this district." Appx0034. Zebra argues the district court clearly abused its discretion because IV relied in part on LinkedIn profiles to identify third-party individuals in WDTX as potential witnesses. But it fails to show a basis for such a categorical prohibition. *See In re Apple Inc.*, No. 2023-135, 2023 WL 5274629, at *2 (Fed. Cir. Aug. 16, 2023). In the end, the district court declined to assign significant weight to this factor because the parties had not identified any unwilling witness in either forum. Zebra has not shown any sufficient reason to disturb these findings.

Finally, Zebra challenges the district court's analysis of the factor considering practical problems that make trial of a case easy, expeditious, and inexpensive. The district court concluded this factor weighed against transfer based on potential judicial economy benefits to having this case and a co-pending case involving the same patents be

---

[1]    Zebra points out that before the district court it argued that the Texas-based employees are irrelevant because IV had agreed not to pursue infringement contentions against the specific accused products designed by Zebra's WDTX office. Zebra contends that the district court ignored this argument. But Zebra's petition fails to show that the Texas-based employees had no relevant and material information based on their knowledge and work with other, still-accused products.

adjudicated before the same court. Zebra fails to point to any specific errors in the court's findings and instead argues that these gains in judicial economy are not sufficient to justify overriding any inconvenience to the parties and witnesses in keeping this case in WDTX. Because Zebra fails to point to any specific error in the court's assessment of this factor, and because we cannot say that Zebra has made a compelling showing on the other factors, we conclude that Zebra has not shown the district court's balancing of the transfer factors was so unreasonable as to warrant mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

November 13, 2024
Date

Jarrett B. Perlow
Clerk of Court